**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JENNIFER BECKNER, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 05-1345-MLB |
| ) | |
| THE CONSUMERS TRUST, et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Aaron Racine's motion to dismiss. (Doc. 7). The motion is fully briefed and ripe for decision. (Docs. 8, 11, 12). Defendant's motion is granted, for the reasons herein.

**I.    FACTS**

Plaintiff filed a class action complaint on November 17, 2005. The complaint alleges a violation of all states' consumer protection statutes for fraudulent business practices and a civil RICO Act violation. The complaint also seeks equitable relief and restitution. The following allegations are specific to defendant Racine.

> 12. Aaron J. Racine is a natural person and the Administrator for The Consumers Trust in the United States from at least April, 2004, at the Administration Address located at 1001 E. 101st Terrace, Suite 170, Kansas City, Missouri, 64131-3368. Racine is an attorney with the Kansas City law firm of Monaco, Sanders, Gotfredson, Racine & Barber, L.C., located at 1001 E. 101st Terrace, Suite 170, Kansas City, Missouri, 64131-3368. Racine resides at 7144 Springfield, Prairie Village, Kansas 66208. Racine is being sued in his official capacity as Administrator for The Consumers Trust and in his individual capacity. Personal jurisdiction over Defendant Racine is proper where he, as Administrator for the Cashable Voucher Program, has transacted business and entered into contracts in Kansas relating to the Cashable Voucher Program. Additionally,

> Racine made voucher claim determinations for Kansas residents, lives in Kansas and communicated directly with Kansas residents and merchants.
> 42. Robin Wertheimer was the United States administrator of The Consumers Trust from a date unknown until approximately April of 2004. However, such a date would be within the past ten years. Aaron Racine is the current United States administrator of The Consumers Trust.
> 43. The administrator of The Consumers Trust makes decisions regarding the vouchers and the voucher claims for the Cashable Voucher Program.
> 44. The administrator forwards the decisions on the voucher claims to the Accountant Trustees.

(Doc. 1 at ¶¶ 12, 42, 43, 44).

The complaint's allegations specific to the named plaintiff are as follows:

> 81. Plaintiff Beckner purchased a furnace and air conditioning unit for excess of $4,000. At the time that she was shopping, her and her husband Arnold Beckner, were told that if they purchased the furnace, they could receive a $2,000 rebate in three years. Upon hearing that information, the Beckners chose to purchase the heating and air unit from The Appliance Doctor, which is a Kansas corporation.
> 82. Plaintiff Beckner compiled all of the appropriate paperwork. She sent the first information to the defendant within the seven days of the issue date. After three years, plaintiff submitted all of the required paper work. However, on August 19, 2005, her claim was denied because she mailed in the sample voucher and not a live voucher; despite the fact there is not any record of plaintiff ever receiving a live voucher.
> 83. As a result of the defendants' misrepresentations and fraudulent scheme, the defendant [sic] has been aggrieved, damaged, injured and as such, has standing to bring this action.

(Doc. 1 at ¶¶ 81, 82, 83).

Throughout the complaint, plaintiff consistently alleges that either "defendants" or "defendant" committed certain acts. (See Doc. 1 at ¶¶ 85, 86, 87, 96, 97, 102, 103 (defendants); 88, 93, 94, 95, 99, 100 (defendant)).

Defendant Racine moves for dismissal on the basis that

-2-

plaintiff's complaint does not comport with the pleading requirements, is barred by res judicada and/or Racine is immune from liability since he has only provided legal advice to The Consumers Trust.  Plaintiff responds that her pleading comports with Fed. R. Civ. P. 9(b), is not barred by the doctrine of res judicada and Racine is not immune from his violation of the consumer protection act and RICO.

## II.  Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  See Robinson, 117 F. Supp.2d at 1129.

## III. ANALYSIS

Fed. R. Civ. P. 9(b) provides, "[i]n all averments of fraud or mistake the circumstances constituting the fraud or mistake shall be stated with particularity." The Tenth Circuit "requires a complaint alleging fraud to set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof. Rule 9(b)'s purpose is to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based." Koch v. Koch Industries, Inc., 203 F.3d 1202, 1236 (10th Cir. 2000)(internal citations omitted).

Plaintiff's complaint fails to comport with this standard. There are no allegations of specificity against Racine. On the contrary, it is doubtful that they rise to the level of conclusory. Moreover, the complaint refers to either "defendants" or "defendant" when alleging the fraudulent scheme. The court is under no obligation to assume every defendant was involved in all aspects of the alleged violations nor can the court be expect to devise which defendant committed an alleged act when plaintiff uses the term defendant in the singular. When a complaint alleging fraudulent conduct contains multiple defendants, a plaintiff must specify, with particularity, which defendant is responsible for which fraudulent act. NL Indus., Inc. v. Gulf & W. Indus., Inc., 650 F. Supp. 1115, 1129-30 (D. Kan. 1986); see also Minotti v. Wheaton, 630 F. Supp. 280, 283-84 (D. Conn. 1986); Bruss Co. v. Allnet Commc'n Servs., Inc., 606 F. Supp. 401, 405 (C. D. Ill. 1985) ("the complaint must inform each defendant of the specific fraudulent acts which constitute the basis of the action against each particular defendant"); Saine v. AIA, Inc., 582 F. Supp.1299, 1303 (D. Colo. 1984).

-4-

Since plaintiff has failed to comply with Rule 9(b), defendant's motion to dismiss is granted.[1]

**IV. CONCLUSION**

Defendant Racine's motion to dismiss (Doc. 7) is granted. Plaintiff's claims against Racine are dismissed, without prejudice.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   8th   day of March 2006, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[1] Defendant Racine's remaining arguments are moot.